# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL FRIEDMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CASE NO. CIV-08-936-M |
| QUEST ENERGY PARTNERS LP; QUEST ENERGY GP LLC; QUEST RESOURCE CORPORATION; JERRY D. CASH; DAVID E. GROSE; DAVID C. LAWLER, GARY PITTMAN; MARK STANSBERRY; MURRELL, HALL, McINTOSH & CO. PLLP; and EIDE BAILLY LLP, | ) ) ) ) ) ) ) ) | JUDGE VICKI MILES-LaGRANGE |
| Defendants. | ) | |

| | | |
|---|---|---|
| JAMES JENTS, individually and on behalf of all others similarly situated, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO. CIV-08-968-M |
| QUEST RESOURCE CORPORATION, JERRY CASH, DAVID E. GROSE, and JOHN GARRISON, | ) ) ) ) | JUDGE VICKI MILES-LaGRANGE |
| Defendants. | ) | |

J. STEVEN EMERSON; EMERSON          )
PARTNERS; J. STEVEN EMERSON ROTH    )
IRA; J. STEVEN EMERSON IRA RO II;   )
and EMERSON FAMILY FOUNDATION       )
                                    )
    Plaintiffs,                        )
                                    )
vs.                                 )   CASE NO.: CIV-09-1226-M
                                    )
QUEST RESOURCE CORPORATION,         )
INC.; QUEST ENERGY PARTNERS LP;     )
JERRY CASH; DAVID E. GROSE; and     )
JOHN GARRISON,                      )
                                    )
    Defendants.                        )


BRISTOL CAPITAL ADVISORS; and       )
BRISTOL INVESTMENT FUND, LTD.,      )
                                    )
    Plaintiffs,                        )
                                    )
vs.                                 )   CASE NO.: CIV-09-932-M
                                    )
QUEST RESOURCE CORPORATION,         )
INC.; JERRY CASH; DAVID E. GROSE;   )
and JOHN GARRISON,                  )
                                    )
    Defendants                         )

JAMES STEPHENS and LUKE RENKEN,    )
Derivatively on Behalf of Nominal          )
Defendants Quest Energy Partners, LP and   )
Quest Resource Corporation,                )
                                           )
     Plaintiffs,                          )
                                           )
vs.                                        )    CASE NO.: CIV-08-1025-M
                                           )
GARY PITTMAN; JERRY D. CASH;               )
MARK STANSBERRY; DAVID C.                  )
LAWLER; DAVID E. GROSE; JAMES B.           )
KITE; JON H. RATEAU; BOB G.                )
ALEXANDER; WILLIAM H. DAMON III;           )
JOHN C. GARRISON; N. MALONE                )
MITCHELL III; BRYAN SIMMONS; J.            )
PHILLIP McCORMICK; DOUGLAS                 )
BRENT MUELLER; MURRELL, HALL               )
MCINTOSH & CO., PLLP; EIDE BAILLY          )
LLP,                                       )
                                           )
     Defendants,                          )
                                           )
and                                        )
                                           )
QUEST ENERGY PARTNERS, LP and              )
QUEST RESOURCE CORPORATION,                )
                                           )
     Nominal Defendants.

WILLIAM DEAN ENDERS, Derivatively       )
on Behalf of QUEST ENERGY PARTNERS,     )
L.P.,                                    )
                                         )
      Plaintiff,               )
                                         )
v.                                       )
                                         )
JERRY D. CASH, DAVID E. GROSE,          )
DAVID C. LAWLER, GARY PITTMAN,          )       CASE NO.: CIV-09-752-M
MARK STANSBERRY, J. PHILLIP             )
McCORMICK, DOUGLAS BRENT                )
MUELLER, MID CONTINENT PIPE &           )
EQUIPMENT, LLC, RELIABLE PIPE &         )
EQUIPMENT, LLC, RHB GLOBAL, LLC,        )
RHB, INC., RODGER H. BROOKS,            )
MURRELL, HALL, MCINTOSH & CO.           )
PLLP, EIDE BAILLY LLP,                  )
                                         )
      Defendants,              )
                                         )
and                                      )
                                         )
QUEST ENERGY PARTNERS, L.P.,            )
                                         
      Nominal Defendant.

## PRELIMINARY APPROVAL ORDER

      WHEREAS the above-captioned actions (the "Actions") are currently pending in the Western District of Oklahoma; and

      WHEREAS plaintiffs Barton Ord, Hakan Ozdenli, and Michael Wilson (the "Ord Group"), Mark Barretti, Samuel Hyman, Leslie Sundquist, Billy Truitt, and Francis Biermeier (the "Barretti Group"), J. Steven Emerson, Emerson Partners, J. Steven Emerson Roth IRA, J. Steven Emerson IRA RO II, Emerson Family Foundation, Bristol Capital Advisors, Bristol Investment Fund, LTD., James

Stephens, and Luke Renken (together with the Ord Group and the Barretti Group, the "Settling Plaintiffs"), and defendants Quest Resource Corporation ("Quest Resource"), Quest Energy Partners, LP, and Quest Energy GP LLC (collectively "Quest Energy") (Quest Resource, Quest Energy, and Quest Midstream Partners, L.P. together are "Quest"), Murrell, Hall, McIntosh & Co. PLLP, and Eide Bailly LLP (together, the "Auditors"), Jerry Cash, David Grose, John Garrison, Jon Rateau, Ronnie K. Irani, James Kite, Jr., Malone Mitchell, Bob Alexander, William H. Damon, III, David Lawler, Gary Pittman, Mark Stansberry and J. Phillip McCormick, (together with Quest and the Auditors, the "Defendants"), and non-party PostRock Energy Corporation ("PostRock") (all collectively "Parties"), having made application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed settlement (the "Settlement") of these Actions in accordance with the Stipulation of Settlement dated July 9, 2010 (the "Stipulation of Settlement") which, together with the exhibits annexed thereto (some of which are replaced by exhibits annexed to the Motion for Preliminary Approval of Global Settlement and Memorandum of Law in Support), sets forth the terms and conditions for the Settlement, and the Court having read and considered the Stipulation of Settlement and the exhibits annexed thereto; and

WHEREAS on September 24, 2009, the Court appointed the Ord Group Lead Plaintiff of the QRC Class and the Barretti Group Lead Plaintiff of the QELP Class. The Court also approved the selection of Federman & Sherwood as lead counsel for

the QELP Class and the selection of the Rosen Law Firm, P.A. as lead counsel for the QRC Class.

NOW, THEREFORE, IT IS HEREBY ORDERED that

1.      The definitions in the Stipulation of Settlement are incorporated herein.

2.      The Settlement, as set forth in the Stipulation of Settlement, is preliminarily approved as fair, reasonable and adequate.

3.      Pursuant to Fed. R. Civ. P. 23(b)(2), the Court hereby certifies, for purposes of effectuating this Settlement, two Classes: (1) a Class comprised of all purchasers of Quest Resource stock between May 2, 2005 and August 25, 2008, inclusive, ("QRC Class"), and (2) a Class comprised of purchasers of Quest Energy partnership units between November 7, 2007 and August 24, 2008, inclusive, ("QELP Class").  Excluded from the Classes are the Defendants, officers and directors of Quest/PostRock, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any of the Defendants or excluded persons have or had a controlling interest.   Plaintiffs in the *Bristol Capital* Litigation and the *Emerson* Litigation are not part of the Classes.

4.      With respect to the QRC Class and the QELP Class (together, the "Classes"), this Court expressly finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(2) are satisfied as: i) the members of the Classes are so numerous that joinder of all Class Members in the *Friedman* Litigation or the *Jents* Litigation is impracticable, ii) there are questions of law and fact common to the Classes; iii) the claims of the Lead Plaintiffs are typical of the claims of the Classes, iv) Lead Plaintiffs

and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; and v) the parties opposing the Classes have acted or refused to act on grounds generally applicable to the Classes, making appropriate final relief with respect to the class as a whole.

5.      The Final Hearing shall be held before this Court on Monday, November 29, 2010, at 10:00 a.m. in Courtroom 301 United States Courthouse, 200 N.W. 4th St., Oklahoma City, OK, 73102, to determine whether the proposed Settlement of the Actions, on the terms and conditions provided for in the Stipulation of Settlement, is fair, reasonable and adequate and should be finally approved by the Court; to determine whether a Judgment as provided in the Stipulation of Settlement should be entered herein; to determine whether the Plan of Allocation of the Net Settlement Fund as set forth in the Notice should be approved; to determine the amount of Attorneys' Fees and Costs that should be awarded to Settling Plaintiffs' Counsel; to determine whether to allow reimbursement of reasonable, out-of-pocket costs and expenses Lead Plaintiffs incurred in connection with representation of the Class ("Plaintiff Expense Awards"); and to determine whether the Class Members' objections, if any, have merit.  *See* Final Order, Ex. E attached to Stipulation of Settlement.  The Court may adjourn the Final Hearing and later reconvene it without further notice to Members of the Class.

6.      Within fifteen (15) business days of the Court's preliminary approval of the Settlement, in full and final settlement of the Actions against the Defendants, the Defendants and/or their insurers will cause to be paid or issued the total sum of $10.1 million in cash ("Settlement Amount") into the Escrow Account maintained by the

Escrow Agent as set forth in the Stipulation of Settlement.  Class Counsel may establish a "Notice and Administration Fund" from the Settlement Amount.  This Fund may be used by Class Counsel to pay costs and expenses reasonably and actually incurred in connection with providing the Notice to the Classes, publishing the Summary Notice, locating Class Members, and assisting with the filing of Claim Forms, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Claim Forms and paying escrow fees and costs, taxes on interest earned by the Settlement Amount, tax expenses and any related or incidental costs and charges ("Notice and Administration Costs").  The Notice and Administration Fund may also be invested and earn interest. If the Notice and Administration Fund is used up before the Net Settlement Fund has been distributed to Authorized Claimants, any further Notice and Administration Costs may be paid from the Settlement Fund.

7.     The Funds deposited into the Escrow Account shall be deemed in the custody of this Court and shall not be disbursed except as provided in the Stipulation of Settlement or by an order of this Court.

8.     The funds in the Escrow Account shall be invested as specified in the Stipulation of Settlement.

9.     The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release Form (the "Proof of Claim")  and the Summary Notice (the "Summary Notice"), attached as Exhibits 2, 3 and 4, respectively, to Motion for Preliminary Approval of Global Settlement and Memorandum of Law in Support, and finds that the mailing and

distribution of the Notice and Proof of Claim and the publication of the Summary Notice, substantially in such form and substantially in the manner set forth in this Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C.A. § 77z-1(a)(4-8), and due process. Such notice is the best notice practicable under the circumstances and shall constitute valid, due and sufficient notice to all Class Members and common shareholders of PostRock.  Class Counsel is hereby authorized to provide such Notice to those Class Members and common shareholders of PostRock that can be identified through reasonable effort.

10.    Settling Plaintiffs' Counsel are hereby authorized to retain Garden City Group, Inc. as the Claims Administrator to supervise and administer the Notice procedure as well as the processing of claims and distribution of the Net Settlement Fund.

11.    Not later than fifteen (15) days from the date of this Order, Settling Plaintiffs' Counsel shall cause copies of the Notice and Proof of Claim, substantially in the forms attached as Exhibits 2 and 3 to Motion for Preliminary Approval of Global Settlement and Memorandum of Law in Support, to be mailed by first class mail to all Class Members reasonably identified by the list of QRC Class Members, QELP Class Members and common shareholders of PostRock to be furnished to Class Counsel by Quest, and all Class Members and common shareholders of PostRock otherwise identified as a result of the Notice of Pendency of the Class. The mailing shall be directed to the addresses listed on such records or such updated or revised addresses as may be available. The date of the initial mailing of the Notice of Settlement shall be referred to as the "Notice Date."

9

12.    Not later than seven (7) days after the Notice Date, Plaintiffs' Lead Counsel shall cause the Summary Notice, substantially in the form attached as Exhibit 4 to the Lead Plaintiffs' Motion for Preliminary Approval of Global Settlement and Memorandum of Law in Support, to be published once in the *Wall Street Journal* and shall cause a copy of the Summary Notice to be published electronically on *PR Newswire*.

13.    Settling Plaintiffs' Counsel shall also cause copies of the Notice and Proof of Claim to be mailed as soon as practicable to persons who indicate, in response to the Summary Notice or otherwise, that they are members of either the QRC Class or the QELP Class or common shareholders of PostRock.

14.    Not later than five (5) business days before the Final Hearing, Class Counsel or the Claims Administrator shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration under penalty of perjury, of the publication and mailing of the Notices.

15.    All Class Members, except those who exclude themselves, shall be bound by all determinations and judgments in the Actions concerning the Settlement, whether favorable or unfavorable.

16.    All Class Members who wish to be excluded from the Classes must submit a request for exclusion in the manner described in the Notice postmarked at least fifteen (15) days before the Final Hearing date set forth in paragraph 5 above. Any person who does not submit a valid and timely request for exclusion shall be a Class Member.  All requests for exclusion must include information sufficient to establish proof of purchases

of Quest Resource stock between May 2, 2005 and August 25, 2008, inclusive, or of Quest Energy common units between November 7, 2007 and August 24, 2008, inclusive.

17.     Class Counsel shall present the Opt-Out List to Defendants' Counsel at least ten (10) business days before the Final Hearing.

18.     If the number of shares bought by persons on the Opt-Out List comprises more than the number agreed to by the Parties in a separate stipulation, Defendants shall inform Class Counsel, as specified in the Stipulation of Settlement, whether Defendants intend to withdraw from the Stipulation of Settlement, at least three (3) business days before the Final Hearing.

19.     If Class Counsel learns that certain persons on the Opt-Out List wish to withdraw their exclusion requests, such that the total number of shares for which opt-out is sought falls below the number agreed to by the Parties in the stipulation, by the day before the Final Hearing, Class Counsel must serve Defendants with a list of persons who have withdrawn their request for exclusion or who were not Members of the Class.  In such event, the Final Hearing will take place as scheduled.

20.     Any Member of the Class who has not requested exclusion may appear with or without counsel, and object to the proposed Settlement of the Actions, the proposed Plan of Allocation of the Net Settlement Fund, the Request for Attorneys' Fees and Costs, and/or the request for Plaintiff Expense Awards (collectively "Objections"); provided, however, that no Class Member or common shareholder of PostRock shall be heard or entitled to make Objections unless that person has served, by first class U.S.

mail, postmarked on or before fifteen (15) days before the Final Hearing, written

Objections and copies of any papers and briefs upon each of the following:

William B. Federman
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, OK  73120

Michael J. Biles
GREENBERG TRAURIG LLP
300 West 6th Street, Suite 2050
Austin, TX  78701

Laurence M. Rosen
THE ROSEN LAW FIRM
350 5th Avenue, Suite 5508
New York, NY 10118

Robert S. Harrell
FULBRIGHT & JAWORSKI LLP
1301 McKinney, Suite 5100
Houston, TX 77010-3095

Thomas J. Shroyer
MOSS & BARNETT
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

and has filed the Objections, papers and briefs with the Clerk of the United States District

Court for the Western District of Oklahoma (which filing may be done by mail, if

postmarked on or before fifteen (15) days before the Final Hearing). Any such written

Objections must include proof of membership in the QRC Class and/or the QELP Class

and/or proof of current ownership of PostRock stock.  Class Members and common

shareholders of PostRock who file Objections, shall thereby be deemed to consent to be

deposed in his or her district of residence by Class Counsel prior to the Final Hearing.

Any Class Member and common shareholder of PostRock who does not make his, her or

its Objections in the manner provided shall be deemed to have waived such Objections

and shall forever be foreclosed from making any such Objections. Any Class Member

and common shareholder of PostRock who files and serves Objections is not required to appear at the Final Hearing. The Court will rule on all timely filed written Objections.

21.     Any response to any Objections shall be filed no later than three (3) business days before the Final Hearing.

22.     All papers in support of the Settlement, the Plan of Allocation, the Attorneys' Fees and Costs Application, and/or the application for Plaintiff Expense Awards shall be filed at least twenty (20) days before the Final Hearing.

23.     Any Member of the Class and common shareholder of PostRock may enter an appearance in the Actions, at his, her or its own expense, individually or through counsel of his, her or its own choice.  Class Members and common shareholders of PostRock who do not enter an appearance will be represented by Class Counsel and Derivative Counsel, respectively.

24.     Class Members who wish to participate in the Net Settlement Fund shall complete and timely submit signed Proofs of Claim and Releases and documents to prove their Class membership showing the date, number of shares and price at which they bought their Quest Resource stock or Quest Energy partnership units, and the date and price at which they sold it, postmarked on or before November 13, 2010 in accordance with the instructions contained therein.

25.     The Claims Administrator shall notify each person who files a Proof of Claim whether or not the Claim is accepted or is rejected in whole or in part. If the Claim is rejected, in whole or in part, the Claims Administrator will give the Claimant the reasons for the rejection. Claimants who are told their Claim is rejected will be permitted

to remedy their Proof of Claim, if that is possible. If the Claim is still rejected in whole or in part, the Claimant may request review by the Court in accordance with the requirements of the Stipulation of Settlement.

26.     Upon the Effective Date of the Settlement, all Class Members, whether or not they filed an approved Proof of Claim within the time provided for, and whether or not they participate in the Settlement Fund, and common shareholders of PostRock shall be barred from asserting any Released Claims, and any such Class Member shall be conclusively deemed to have fully, finally, and forever released the Released Parties, from any and all such Released Claims, including Unknown Claims.  Plaintiffs, Class Members, Defendants, PostRock and Auditors shall have released their respective claims as set forth in the Stipulation of Settlement.  The full definitions of the terms "Released Claims", "Released Parties", "Plaintiffs' Claims", "Defendants' Claims", "Auditors' Claims", and "Unknown Claims" and the full release are set forth in the Stipulation of Settlement.

27.     As of the Effective Date, the distribution of the Net Settlement Fund in accordance with the terms and obligations of the Stipulation of Settlement will be approved. Only Authorized Claimants shall have any right to any portion of the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation of Settlement. If there are funds left in the Net Settlement Fund after all Authorized Claimants have been paid, on motion of Class Counsel, this Court will rule on the distribution of such funds.

28.     Pending final determination of whether the Settlement should be approved, neither the Plaintiffs nor any Class Member, nor any Defendant, either directly, representatively, or in any other capacity, shall commence against any Released Party any action or proceeding in any court or tribunal asserting any of the Released Claims.

29.     Pending final determination of whether the Settlement should be approved, all proceedings in the Actions are stayed, except for proceedings relating to the Settlement.

30.     At or after the Final Hearing, the Court will determine whether the Attorney's Fees and Costs Application including the application for Plaintiff Expense Awards should be approved. Any such amounts awarded shall be paid ten (10) business days after the Effective Date, subject to the conditions set forth in the Stipulation of Settlement.

31.     All reasonable costs incurred in identifying and notifying Members of the Class, administering the Settlement, Taxes, Tax Expenses, and distributing the Net Settlement Fund, shall be paid as set forth in the Stipulation of Settlement.

32.     The Court reserves the right to adjourn the date of the Final Hearing and any adjournment thereof without further notice to Class Members, and retains jurisdiction

to consider all further applications arising out of or connected with the proposed Settlement.

THUS DONE AND SIGNED in Oklahoma City, Oklahoma on this the 13th day of August, 2010.

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE